**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EYNER SAMIR PEREZ PEREZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al.,<br><br>Respondents. | Case No. 1:26-cv-02942-JLT-EPG<br><br>A-Number: 221-497-835<br><br>ORDER GRANTING PETITIONER'S MOTION TO ENFORCE JUDGEMENT<br><br>(Doc. 9) |

On May 15, 2026, this Court entered judgment on Eyner Samir Perez Perez's petition for a writ of habeas corpus. (Doc. 7.) The Court ordered Respondents to provide Petitioner with a constitutionally compliant bond hearing at which Respondents were to bear the burden of proof by clear and convincing evidence to show that Petitioner presents a flight risk or danger to the community. (*Id*. at 3.) Though a bond hearing was scheduled pursuant to this Court's order and convened on May 28, 2026, no substantive custody determination occurred. On July 21, 2026, Petitioner filed a motion to enforce the Court's judgment, seeking an order requiring his immediate release or, in the alternative, a new bond hearing. (Doc. 9.) Respondents did not substantively oppose the motion but submitted to the Court the audio of the May 28, 2026, bond hearing. (Doc. 13, Digital Audio Recording "DAR".) For the reasons set forth below, the motion is **GRANTED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 28, 2026, Petitioner and his attorney appeared at a bond hearing before an Immigration Judge. At the hearing, Petitioner's attorney – who was not involved in Petitioner's federal habeas proceedings – did not wish to proceed with the bond hearing and withdrew the request. (*See* DAR.) As such, the IJ permitted Petitioner to withdraw his request for a bond hearing without prejudice to filing a new request later, pursuant to this Court's order. (DAR at 08:31.)

On July 1, 2026, Petitioner, through counsel, refiled his request for a bond redetermination hearing citing this Court's order. (Doc. 9 at 15.) However, the IJ denied the request, noting that Petitioner's request to withdraw his bond request was a tactical or strategic decision that was entirely within his control. (*Id*. at 16.) Based thereon, the IJ found that the immigration court no longer had any independent jurisdiction to conduct a bond hearing because the request "is not a continuation of the prior bond proceedings, but it was a new request. The U.S. District Court has not issued a new order requiring the Immigration Court to conduct new bond proceedings under section 236(a) of the [Immigration and Nationality Act]." (*Id*. at 18.) As of August 26, 2026, Petitioner has yet to receive an individualized bond hearing assessing his danger or flight risk.

## II. LEGAL STANDARD

This Court has clear authority to ensure that the Government acts in accordance with its orders granting relief in habeas actions. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) ("[T]he district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief."). A motion to enforce judgment is the "usual method" for requesting a court interpret its own judgment and compel compliance. *California by & through Becerra v. Dep't of the Interior*, No. 17-cv-5948, 2020 WL 13093994, at *3 (N.D. Cal. July 30, 2020) (citing *Heartland Hosp. v. Thompson*, 328 F. Supp. 2d 8, 11 (D.D.C. 2004)).

In constitutional challenges to an IJ's detention determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024). "[A]buse of discretion" review does not involve "reweigh[ing] evidence" but rather determining whether the IJ "applied the correct legal

standard." *Id*. (citation and quotations omitted); *see also Abdelhamid v. Ilchert*, 774 F.2d 1447, 1450 (9th Cir. 1985) (The Court's review for abuses of discretion is limited to those which allege violation by the agency of constitutional, statutory, regulatory or other legal mandates or restrictions) (citation and quotations omitted). In other words, the Court's review is effectively limited to whether the IJ's decision "reflects 'clear legal error' or is unsupported by sufficient evidence." *Hilario Pankim v. Barr*, No. 20-cv-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020). While district courts are "under no obligation to address [Petitioner's] new arguments under the ambit of ensuring compliance with the earlier order," *Leonardo* 646 F.3d 1157 at 1161, the reviewing court must always bear in mind that "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017).

**III. ANALYSIS**

**A. Exhaustion of Administrative Remedies**

As a threshold matter, the Court waives the prudential exhaustion requirement in this case for habeas petitions seeking relief pursuant to 28 U.S.C § 2241. *See Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001), overruled on other grounds by *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 (2006); *See C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2026 WL 241823 at *5, n.7 (E.D. Cal. Jan. 29, 2026) (waiving exhaustion for enforcement motion challenging the legality of a bond hearing because of irreparable harm from prolonging the petitioner's already lengthy detention); *see also, Loba L.M. v. Andrews*, No. 1:25-CV-00611-JLT-SAB, 2026 WL 710307 (E.D. Cal. Mar. 13, 2026) (excusing exhaustion despite the petitioner not making "an explicit showing" of an excuse in the motion to enforce, because the court had previously found ongoing irreparable harm in its previous order). Such a waiver, however, does not expand the narrow scope of the Court's review: the Court will only determine whether the bond hearing was constitutionally adequate as required by its prior order, and not delve into areas of discretionary decisions made by the IJ. *See, infra*, Legal Standard.

**B. Remedy**

Having carefully considered and reviewed Petitioner's submissions and the digital audio

recording of the May 28, 2026, bond hearing, the Court finds that the appropriate remedy in this case is to order Respondents to provide Petitioner with a new bond hearing that complies with this Court's order. Accordingly, the Court **ORDERS**:

1. Petitioner's motion to reopen case and enforce the Court's prior order (Doc. 9) is **GRANTED**[1].

2. Within **14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondents are ordered to provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id*. at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

3. The Petitioner **SHALL** be notified of the hearing at least 72 hours in advance of the scheduled hearing. He **SHALL** have the right to be represented by counsel at the hearing and **SHALL** be entitled to appear at the hearing. If his counsel[2] has filed an appearance in the immigration proceedings, Respondents **SHALL** ensure

---

[1] In issuing this order, the Court notes that it applies only to the unique facts of this case in which the IJ agreed to allow Petitioner to withdraw his request for a bond hearing and then seek a new hearing when he was prepared to procced. However, when Petitioner followed this course, the IJ took a contrary position and found that no new bond hearing was permitted. This conduct was unfair.

On the other hand, when this Court issues relief, Petitioner can accept the relief –in this case a bond hearing in the timeframe the Court orders—or he can reject it and not have the bond hearing. What he cannot do is hold this Court's order in his back pocket and produce it at his will and in his timeframe, as if he is a person playing the game of Monopoly, who can hold the "Get Out Of Jail Free" card until such time as he chooses to play it.

[2] Now that counsel are aware that Petitioner has two attorneys, Petitioner **SHALL** decide which of them will handle his bond hearing. The Court does not intend that Petitioner is entitled to have two attorneys at his bond hearing or that notice be given to both. Instead, counsel **SHALL IMMEDIATELY** determine who will represent Petitioner at the bond hearing and file the appropriate notice of appearance or withdrawal from representation or otherwise, so that the attorney notification is given to the correct attorney.

that counsel is notified of the hearing at least 72 before the scheduled hearing.

4. The Clerk of the Court is directed to **TERMINATE** all other pending motions in this matter. This matter remains closed.

IT IS SO ORDERED.

Dated: _September 14, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE